IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 2 8 2007

Michael N. Milby, Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-07-2109 |
| v. | § § § | |
| PREMIER CASH, INC. d/b/a JUST OXTAILS SOUL FOOD | § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation for opposing unlawful employment practices, and to afford appropriate relief to Monique Hayward who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-17 below, Defendant unlawfully discriminated against Ms. Hayward by creating a sexually harassing hostile work environment and retaliating against Ms. Hayward by terminating her employment when she rightfully complained about and opposed the sexual harassment.

JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and

instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Premier Cash, Inc. d/b/a Just Oxtails Soul Food ("Premier Cash") has continuously been doing business in the State of Texas, the City of Houston and Harris County, Texas, and has had at least fifteen (15) employees during the relevant time period. Defendant Premier Cash may be served with process by serving its registered agent, Kenneth R. Washington, 3730 Kirby Dr., Suite 1200, Houston, Texas 77098.

6. At all relevant times, Defendant Premier Cash has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Monique Hayward, a former employee, as defined by Section 701(f) of Title VII, 42 U.S.C. § 2000e(f), of Defendant's

restaurant known under Defendant's d/b/a as "Just Oxtails Soul Food" (the "Restaurant") filed a charge of discrimination with the Commission alleging a violation of Title VII. Ms. Hayward is a member of a protected group, specifically sex, female. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge, and a good faith attempt to conciliate the matter.

8. Since at least 2004, Defendant has engaged in unlawful employment practices at their Houston, Texas, facility, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

9. Ms. Hayward has many years experience in the food service industry. In or about September 2004, Kenneth Washington, Defendant's co-owner, hired Ms. Hayward as a line server, baker and lobby attendant at the Restaurant. Mr. Washington was Ms. Hayward's direct supervisor at the Restaurant, as was his wife and Defendant's co-owner, Carrie Washington.

10. On or about March 9, 2005, Ms. Hayward was discharged in retaliation for opposing an unlawful employment practice, namely, sexual harassment. Ms. Hayward was terminated immediately after she complained to her supervisors that she had been sexually harassed and even sexually assaulted by Kenneth Washington.

11. Ms. Hayward's complaint of harassment followed months of sexual comments and innuendo directed at her by Mr. Washington and which began almost immediately upon Ms. Hayward's hire. This harassment included, but was not limited to, statements by Mr. Washington to Ms. Hayward such as, "I know your ass is real soft. Just let me put my dick in it." Mr. Washington also directed physically intimidating and sexually-motivated conduct at Ms. Hayward, including, but not limited to, rubbing up against her backside on multiple occasions. This conduct

was based on sex and was sufficiently severe to unreasonably interfere with Ms. Hayward's work performance and/or create an intimidating, hostile, or offensive work environment. Further, Mr. Washington's sexually harassing conduct towards Ms. Hayward was unwelcome and without her consent or participation.

12. On or about March 3, 2005, Mr. Washington cornered Ms. Hayward in the Restaurant's washroom and physically restrained and assaulted her by, among other things, grabbing her buttocks.

13. Following the assault by Mr. Washington, and due to the serious nature of the event, Ms. Hayward not only complained to her employer, but also filed a criminal complaint with the local police department.

14. Although Ms. Hayward attempted to take advantage of preventive or corrective opportunities, whether provided by Defendant or not, Defendant failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior.

15. The effect of these unlawful practices has been to deprive Ms. Hayward of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex and her legally protected opposition to unlawful conduct.

16. The unlawful employment practices complained of above were intentional.

17. Defendant, at all relevant times, committed the unlawful employment practices with malice or in reckless disregard of the federally protected rights of Ms. Hayward.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Premier Cash, its officers,

successors, assigns and all persons in active concert or participation with them, from engaging in discrimination against female employees by creating a sexually harassing hostile work environment and by retaliating against employees who oppose illegal or discriminatory employment practices; and further enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates against individuals on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities and a safe working environment for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to make whole Monique Hayward by providing appropriate back wages and pre-judgment and post-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, reinstatement of Ms. Hayward, or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

D. Order Defendant to make whole Monique Hayward by providing compensation for past and future pecuniary loses, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

E. Order Defendant to make whole Monique Hayward by providing compensation for non-pecuniary losses, including emotional pain and suffering, in amounts to be determined at trial.

F. Order Defendant to pay Monique Hayward punitive damages for their malicious and/or reckless conduct, in an amount to be determined at trial.

G. Order all affirmative relief necessary to eradicate the effects of Defendant's unlawful

employment practices.

    H.    Grant such further relief as the Court deems necessary and proper.

    I.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
James Sacher
Regional Attorney

_____
Rose Adewale-Mendes
Supervisory Trial Attorney
Ohio Bar No. 0024652
Southern Dist. of Texas No. 10541

_____
Connie K. Wilhite
Trial Attorney
Attorney-in-Charge
Texas State Bar No. 00792916
Southern Dist. of Texas No. 423997

Equal Employment Opportunity
Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]